■ NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant, v. THOMAS OLSEN et al., Defendants, and CHARLES BRYANT et al., Respondents. — Judgment of the Supreme Court, Nassau County, dated November 6, 1967, affirmed insofar as appealed from, on the opinion at Special Term, with one bill of costs to respondent Motor Vehicle Accident Indemnification Corporation. Brennan, Hopkins and Martuscello, JJ., concur; Christ, Acting P. J., concurs to the extent that the judgment declares that defendant Grace Olsen did not breach the insurance contract and that plaintiff's disclaimer was improper as to her, and votes to declare the disclaimer valid as to defendant Thomas Olsen, with the following memorandum, in which Munder, J. concurs: The issues are whether the evidence established that defendants Olsen had failed to co-operate with their insurance carrier, plaintiff, and if so, whether because of that fact there was a valid disclaimer of liability. Defendant Grace Olsen owned one of the automobiles which was involved in an accident; she was insured by plaintiff. The crux of the disclaimer as to both Mr. and Mrs. Olsen is the conflicting information concerning whether Thomas Olsen, the husband, was the driver of the vehicle at the time of the accident. When Thomas Olsen initially denied that he was driving the automobile at the time of the accident, he was an unlicensed driver and his motive for asserting that a companion was driving is manifest. This deception by Mr. Olsen continued for months until at last he admitted having been the driver, after his companion had commenced an action alleging that Mr. Olsen indeed had been the driver. The facts do not fairly lead to a finding that Mr. Olsen was unaware of the truth. As to Thomas Olsen, the documented and directly contrary versions of the central fact of who was driving the Olsen car manifest a patent lack of cooperation within the meaning of the policy provision (*National Grange Mut. Ins. Co. v. Austin*, 23 A D 2d 776; *United States Fid. & Guar. Co. v. von Bargen*, 7 A D 2d 872, affd. 7 N Y 2d 932). His sudden loss of memory further serves to emphasize and intensify his un-co-operative attitude and it effectively destroys his usefulness as a witness for any purpose (*Fidelity & Cas. Co. of N. Y. v. Holdeman*, 23 A D 2d 878, affd. 18 N Y 2d 997). The disclaimer as to Thomas Olsen was justified and effective. As to Mrs. Olsen, there is some proof that she knew soon after the accident that her husband had been the driver. However, she was not in the car at the time of the accident and her source of information was by word of mouth from her husband. She had no direct evidence to offer and this was known to her carrier. We agree with the majority that the purported disclaimer of liability as to her is not soundly based and plaintiff's duty under the policy is in full force and effect.